WITZEL et al. v. BUTLER BROS.

(Circuit Court of Appeals, Second Circuit. November 9, 1915.)

No. 128.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—WIRE MATTRESS.

    The Witzel reissue patent, No. 13125 (original No. 921,494), for a wire mattress having its sides extended and turned up at right angles to form a side guard to prevent the hair mattress from spreading, claim 23, construed in the light of the prior art and the proceedings in the Patent Office, must be limited to a construction having auxiliary lugs or springs to maintain the lengthwise tension of the side guards, and, as so construed, *held* not infringed. Claims 19, 20, 22, and 24 also *held* not infringed.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by Charles J. Witzel and the Englandor Spring Bed Company against Butler Bros. From the decree (229 Fed. 197), both parties appeal. Affirmed in part, and reversed in part.

This cause comes here upon cross-appeals from a decree in a suit for infringement of United States reissue patent No. 13,125, granted June 28, 1910, to Charles J. Witzel, for a wire mattress. Judge Learned Hand dismissed the bill as to claims 19, 20, 22, and 24; he held claim 23 to be valid and infringed. Each side appealed from so much of the decree as was adverse to its contentions.

The patent came first before a court in Witzel v. Berman (D. C.) 212 Fed. 447, when Judge Mayer held it valid and infringed. This court affirmed that decision in 212 Fed. 734, 129 C. C. A. 344. Subsequently, in the present suit against Butler Bros., Judge Learned Hand granted a preliminary injunction. Upon appeal we held that, in view of a debatable question as to claim 23, we were not inclined to reverse the order granting a preliminary injunction, as "more light on the subject may be obtained at final hearing." 221 Fed. 947, 137 C. C. A. 517. The opinion now on appeal will be found in 229 Fed. 197.

So much has been quoted from the patent, and so much stated as to the facts, in these prior opinions, that it would involve unnecessary repetition to set it all out again. The earlier opinions may be consulted for a fuller statement of the questions involved.

C. A. Weed, of New York City (Livingston Gifford and John R. Nolan, both of New York City, of counsel), for complainants.

Samuel E. Darby, of New York City (Charles Neave, of New York City, of counsel), for defendant.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The patentee states that the object of his device is not only to hold the hair mattress in place on the wire mattress, but also to prevent its unsightly spreading. This is accomplished by extending the sides of the wire mattress and then bending them up at right angles, so that they will act as side guards to maintain the hair mattress in its original boxlike form and shape. These side guards are themselves stiffened and held in place by reinforcing strands, which, as stated in the specifications and shown in the figures, are kept rigidly in taut position by auxiliary

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

springs between the lugs, to which the reinforcing strands are attached, and other auxiliary lugs bent up from the cross straps at the head and foot of the wire mattress. Manifestly these auxiliaries played an important part in the combination, because they kept the bent-up side guards in taut position, taking up any slack which the inherent elasticity of the side guards was not sufficient to prevent.

When this patent first came before us upon appeal in the Berman Case, we held that, although Witzel's device was not as great an invention as he contended it was, nevertheless he was the first who held the hair mattress securely and firmly in place on the wire mattress, preserving its boxlike symmetry, and that in view of the clumsy and bungling devices of the prior art, as disclosed in the record, the patented structure required an exercise of inventive genius. We expressly declined to look into 11 patents not cited in the answer, or offered in evidence, or referred to in the District Court.

Having thus found patentable invention in the patent, it was not difficult to discover infringement in Berman's mattress. His side guards of woven wire were not turned up from the bottom, but were separate pieces, which, however, were fastened to the bottom fabric by a strand of wire—a manifest equivalent. Moreover he used—certainly we were satisfied from the exhibit (see our second opinion) that he used—one auxiliary spring at the foot of each side guard, while patentee's preferred structure showed three at each end. Moreover, his single auxiliary spring was badly located, at the bottom instead of the top of the side guard. In consequence Berman's device seemed to us unsatisfactory, as not calculated to stand up in service; but it did include both Witzel's elements—a woven fabric turned up from the bottom and an auxiliary spring to preserve tension and take up slack. The appeal was from a decree finding infringement; since infringement was evident, there was no necessity for going into any analysis of the claims; injunction and accounting had been properly decreed against him, so we merely affirmed.

The patent next came up on appeal from preliminary injunction in this cause; on that appeal it became necessary to examine the claims. We found that a device which, although meritorious, was extremely simple, susceptible of being covered by 2 or 3 claims, had been through the ingenuity of applicant and examiner expanded to 24 claims. See our comment thereon in 221 Fed. 947, 137 C. C. A. 517.

Analyzing the claims relied on, we found that all save one (No. 23) included as an element either auxiliary coil springs or some equivalent thereof, which took up slack and maintained tension, otherwise than by the inherent elasticity of the side guard itself. Since apparently the only preservative of tension in defendant's device was the inherent elasticity of the side guard (the woven fabric plus the strengthening strand), it seemed to follow that all the claims other than No. 23 were not infringed, because, in one or another form of words, each of them included as an element to insure permanent operative action of the side guards some auxiliary tensional force reinforcing the inherent elasticity of the side guards. This conclusion was indicated in our opinion, and the trial judge in view of that indication has held that

none of these other claims are infringed by defendant's structure. The record now before us leads to the same conclusion, and his decision as to those claims is affirmed.

There remains claim 23, which does not include any auxiliary tensional device, and therefore, as we said in our last deliverance, textually covers defendant's device. As the record stood on the first appeal, it will be remembered that it indicated there was much prior art, which we felt we were not at liberty to consider, because it had never been presented to the District Court. On the second appeal, from preliminary injunction, we said that "in view of the former holdings as to this patent we are not now inclined to reverse the action of the District Judge in granting preliminary injunction." Of claim 23, which textually covered defendant's device, we said:

"If the art will warrant the finding of validity in this claim, when construed so as to cover an upper wire originally stretched between the lugs (with no auxiliary lugs or springs) and maintaining lengthwise tension solely by its inherent elasticity, then it would seem to cover defendant's device. If, however, the prior art makes it necessary to read into this claim some equivalent of the particular auxiliary devices to maintain the lengthwise tension, which are found in the other claims, then defendant's device may not be covered by its terms."

In thus reserving decision on what was before us, until both sides might have opportunity to present something more, we unintentionally obscured the question, for Judge Hand, not unnaturally, took this as an intimation that the prior art as disclosed on the record in the preliminary injunction appeal did warrant a finding that the claim was valid. Since the final hearing before him added nothing of substance to the prior art, he held this claim valid, and of course—being valid —infringed.

We think that upon the record, as it was before us on the last preceding appeal and as it is now, with the light turned on the situation by the proceedings in the Patent Office on original application and on reissue, indicates very clearly that a device which depends for permanent control in boxlike shape of the mattress merely on the inherent elasticity of the side guards, whether of woven wire or of a succession of perpendicular strands strengthened with a top guard strand of coiled wire, without any auxiliary support from coiled springs or their equivalent, does not infringe; also that defendant's device, which has no auxiliary springs, as Berman's had, does not infringe.

So much of the decree as finds claim 23 valid and infringed is reversed.